FILED

2008 SEP 12 PM 4:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Mia Farber, State Bar No. 131467
   farberm@jacksonlewis.com
2  Chad D. Bernard, State Bar No. 194162
   bernardc@jacksonlewis.com
3  JACKSON LEWIS LLP
4  725 S. Figueroa Street - Suite 2500
   Los Angeles, CA 90017-5408
5  Telephone:  (213) 689-0404
   Facsimile:   (213) 689-0430
6

7  Attorneys for Defendants
   MASCO SERVICES GROUP CORP.;
8  MASCO CONTRACTOR SERVICES,
   LLC; BUILDER SERVICES GROUP,
9  INC.; WESTERN INSULATION, L.P.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. GUTIERREZ, an individual, ARTURO NAVARRETE, an individual, and EMILIANO REYNA, an individual, as individuals and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHMID INSULATION CONTRACTORS, INC., a California corporation doing business as PARAGON SCHMID BUILDING PRODUCTS; and MASCO CONTRACTOR SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **CV08-06010**<br><br>**DEFENDANT MASCO SERVICE GROUP CORP.'S NOTICE OF REMOVAL TO FEDERAL COURT** |

COPY

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that Defendant Masco Services Group Corp. ("Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

The removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act) 1441(b), and 1446(b) and, specifically, on the following grounds:

### BASIS OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. Section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. Section 1441(a), in that it is a civil class action wherein; 1) the proposed class contains at least 100 members; 2) the primary defendants are not states, state officials or other governmental entities; 3) the total amount in controversy for all class members exceeds $5 million and; 4) there is diversity between at least one class member and the Defendants. As set forth below, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice.

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84 (c)(2), 1391 and 1446.

### PLEADINGS, PROCESS AND ORDERS

3. On October 13, 2006, Plaintiffs Daniel A. Gutierrez and Arturo Navarrette filed a Complaint against Defendant Schmid Insulation Contractors Inc. in Superior Court of California, County of Los Angeles. The Complaint alleged six causes of action for: (1) failure to pay for all hours worked, including all travel and administrative time; (2) failure to pay minimum wage for all hours worked; (3) unlawful deductions form wages; (4) failure to pay for overtime and provide for

completely off-duty meal and rest periods; (5) failure to furnish timely and accurate wage statements; and (6) unlawful and/or unfair business practices.

4. Defendant Schmid was first served with a copy of the Complaint on November 1, 2006.

5. On November 30, 2006, Schmid filed an Answer to Plaintiffs' Complaint, generally denying Plaintiffs' allegations and asserting an affirmative defense, *inter alia*, that Plaintiffs' claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 141 *et seq*.

6. On November 30, 2006, Defendant Schmid removed this case to the Federal District Court for the Central District of California on the grounds that the causes of action plead in the Complaint were preempted by the LMRA.

7. Plaintiffs filed a Motion to Remand, which was heard on February 5, 2007. On February 6, 2007 the Honorable Dale S. Fischer, United States District Judge ordered the case remanded to state court on the grounds that it did not have subject matter jurisdiction under the LMRA.

8. On August 6, 2007, Plaintiffs amended their Complaint to substitute Western Insulation, L.P., a California Limited Partnership, Builder Services Group, Inc., a Florida Corporation erroneously identified as fka Masco Contractor Services, American National Services, Inc., a California corporation, Masco Contractor Services, LLC, a Delaware corporation, and Masco Services Group Corp., a Delaware corporation dba Masco Contractor Services for previously named "Doe" defendants.

9. On August 10, 2007, Plaintiffs served their Amendment to the Complaint on Defendants Western Insulation, L.P., a California Limited Partnership, Builder Services Group, Inc., a Florida Corporation, American National Services, Inc., a California corporation.

10. On August 15, 2007, Plaintiffs served their Amendment to the Complaint on Defendants Masco Contractor Services, LLC, a Delaware corporation,

and Masco Services Group Corp., a Delaware corporation dba Masco Contractor Services.

11. On September 6, 2007 Defendant American National Services, Inc., a California Corporation, filed an Answer to Plaintiff's Complaint. On September 7, 2007, Defendants Western Insulation, L.P., a California Limited Partnership, Builder Services Group, Inc., a Florida Corporation, Masco Contractor Services, LLC, a Delaware corporation, and Masco Services Group Corp., a Delaware corporation dba Masco Contractor Services filed Answers to Plaintiffs' Complaint, generally denying Plaintiffs' allegations and asserting an affirmative defense, *inter alia*, that Plaintiffs' claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 141 *et seq*.

12. On September 7, 2007, Defendant Masco Services Group Corp. filed a Notice of Removal in this Court on the grounds that the case had become removable under CAFA because, with Plaintiffs' addition of Masco Services Group Corp. as a Defendant, the requirement of minimal diversity had been met. A true and correct copy of Defendant's September 7, 2007 Notice of Removal is attached hereto as Exhibit A.

13. On October 10, 2007, Plaintiffs filed a Motion for Leave to File First Amended Complaint. This Motion was granted by the Honorable George H. Wu, United States District Judge on November 1, 2008.

14. On November 26, 2007, Defendants filed their Answers to Plaintiffs' First Amended Complaint.

15. On April 14, 2008, Plaintiffs filed a Motion for Class Certification, setting the hearing for May 12, 2008. Defendants filed Oppositions to Plaintiffs' Motion on April 29, 2008.

16. On April 29, 2008, Judge Wu continued the hearing on Plaintiffs' Motion for Class Certification to May 19, 2008.

17. On May 13, 2008, Judge Wu held a telephonic status conference

3

regarding the Court's jurisdiction under CAFA. During this call, Judge Wu ordered the Parties to submit briefing regarding the applicability of the exceptions to jurisdiction under CAFA. In addition, Judge Wu set a hearing regarding the Court's jurisdiction for June 19, 2008.

18. On May 30, 2008, the case was transferred from Judge Wu back to Judge Fischer.

19. On June 18, 2008, Judge Fischer ordered the case remanded to the Los Angeles Superior Court. A true and correct copy of Judge Fischer's order is attached hereto as Exhibit B.

20. The Parties filed a joint protective order regarding documents produced in preparation for mediation, which was signed by The Honorable Joseph Kalin, Judge of the Superior Court on July 30, 2008. Attached hereto as Exhibit C is a true and correct copy of Judge Kalin's Order.

21. On August 5, 2008, Plaintiffs filed a Notice of Filing of Operative Complaint in the Los Angeles Superior Court. Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' Notice.

**TIMELINESS OF REMOVAL**

22. On August 13, 2008, the Parties participated in a mediation, during which Plaintiffs presented Defendants with a settlement demand in excess of $5,000,000. (Declaration of Chad D. Bernard in Support of Removal at ¶ 2, attached hereto as Exhibit E.) *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007)(receipt of a settlement letter containing plaintiff's estimate of damages was sufficient to put defendant on notice that case was removable).

23. Therefore, it was not until August 13, 2008 that this case became removable pursuant to the amount in controversy diversity requirements of CAFA, 29 U.S.C. § 1332; accordingly, this removal is timely.

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

24. Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28

U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

25. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(5).

26. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and at least two members of the class of plaintiffs is a citizen of a state different from Defendant. Furthermore, none of the Defendants are States, State officials, or other governmental entities.

## DIVERSITY OF CITIZENSHIP

27. CAFA's diversity requirement is satisfied when at least one member of a class of plaintiffs is a citizen of a state in which none of the defendants are citizens, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

28. For purposes of diversity of citizenship, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. 1332(a).

29. Here, Plaintiffs have filed suit against Defendants on their own

behalf and on behalf of a class of employees defined as follows:

> All persons who are employed or have been employed by Defendants in the construction filed to install building products such as gutters, fireplaces, firestopping, weather stripping, cabinets, garage doors, insulation/air filtration, central vacuum, and/or blow-in-blankets ("installers") in California at any time since October 13, 2002, and continuing while this action is pending.

(First Amended Complaint ¶ 3.)

30.     At least two of the members of this putative class of installers that Plaintiffs seek to represent are citizens of the state of California as defined in section 1332(a).  Oscar Sandoval is a lawful permanent resident of the United States, and resides in California.  (Declaration of Oscar Sandoval in Support of Defendant Masco Services Group Corp.'s Notice of Removal ¶¶ 1-3, attached hereto as Exhibit F; Declaration of Raul Bobadilla in Support of Removal, ¶¶ 1-3, attached hereto as Exhibit G.)

31.     Defendant Masco Services Group Corp. incorporated in the State of Delaware, with its principal place of business is in Daytona Beach, Florida.  Defendant, therefore, is a citizen of the state of Florida for the purposes of determining diversity of citizenship.   (Declaration of Sharon Werner in Support of Removal at ¶ 3, attached hereto as Exhibit H.)

## AMOUNT IN CONTROVERSY

32.     CAFA, 28 U.S.C. Section 1332(d) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000.  Defendant denies the validity and merit of all of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.

33. However, on August 13, 2008, the Parties participated in a mediation, during which Plaintiffs presented Defendants with a settlement demand in excess of $5,000,000. (Bernard Declaration ¶ 2, attached hereto as Exhibit E.)

34. A settlement demand is "sufficient to establish the amount in controversy" for purposes of removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (a settlement letter is relevant evidence of the amount in controversy, even if "imprecise", where it is a reasonable reflection of the plaintiffs' damages). Accordingly, the amount in controversy here far exceeds the $5,000,000 jurisdictional requirement.

## NUMEROSITY

35. CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

36. Plaintiffs allege in their First Amended Complaint that the proposed class consists of "well over 500 persons." (First Amended Complaint ¶ 34.)

37. Moreover, Defendants Schmid Insulation Contractors, Inc. and Western Insulation, L.P. have each employed in excess of 100 installers during the time period set forth in the class period set forth by Plaintiffs in their Complaint (October 13, 2002 to the present). (Declaration of Jeff Kruse ¶ 3, attached hereto as Exhibit I; Declaration of Steve Heim ¶¶ 3, attached hereto as Exhibit J.)

38. As such, this Court properly has jurisdiction over this matter, as the class proposed by Plaintiffs contains in excess of 100 members.

## JOINDER OF ALL DEFENDANTS

39. Defendants Western Insulation, L.P., a California Limited Partnership, Builder Services Group, Inc., a Florida Corporation, American National Services, Inc., a California corporation, Masco Contractor Services, LLC, a Delaware corporation, and Schmid Insulation Contractors, Inc. join in removal of this action.

1  Joinders are attached as Exhibit K.

2        40.   Masco Contractor Services Inc. has not been served as of the date of filing this Notice of Removal. A defendant not served in a state action need not join a notice of removal. *See Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 270, 272 (9th Cir. 1984). Thus, Masco Contractor Services, Inc. need not join in this Notice of Removal.

## NOTICE TO PLAINTIFF

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record, Lewis, Feinberg, Lee, Renaker & Jackson, P.C., Mexican American Legal Defense and Educational Fund, and Sullivan Taketa LLP, and a copy of Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

DATED: September 12, 2008

JACKSON LEWIS LLP

By: _____
    Mia Farber
    Chad D. Bernard

8