*Attorneys for Plaintiffs*
MARK F. SULLIVAN, State Bar No. 111011
DONN S. TAKETA, State Bar No. 132654
JOEL R. VILLASENOR, State Bar No. 224395
GEORGE GALBRAITH, State Bar No. 243030
SULLIVAN TAKETA LLP
31351 Via Colinas, Suite 205
Westlake Village, California 91362-3755
Telephone: (818) 889-2299
Facsimile: (818) 889-4497
Email: donn.taketa@calawcounsel.com

BILL LANN LEE, State Bar No. 108452
TODD F. JACKSON, State Bar No. 202598
CATHA WORTHMAN, State Bar No. 230399
JULIA CAMPINS, State Bar No. 238023
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: tjackson@lewisfeinberg.com

CYNTHIA VALENZUELA, State Bar No. 186804
GLADYS LIMON, State Bar No. 228773
NANCY RAMIREZ, State Bar No. 152629
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring Street
Los Angeles, California 90014
Telephone: (213) 629-2512
Email: glimon@maldef.org

JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. GUTIERREZ, ET AL., <br><br> PLAINTIFFS, <br><br> VS. <br><br> SCHMID INSULATION CONTRACTORS, INC., ET AL., <br><br> DEFENDANTS. | Case No. 2:08-cv-6010 DSF (JCx) <br><br> **ORDER: FINALLY APPROVING CLASS ACTION SETTLEMENT AND PLAN OF DISTRIBUTION; (2) ENTERING FINAL JUDGMENT; (3) APPROVING SERVICE PAYMENT TO NAMED PLAINTIFFS; (4) APPROVING THE PAYMENT OF REASONABLE COSTS TO THE CLAIMS ADMINISTRATOR; AND (5) RESERVING JURISDICTION** <br> Date: March 9, 2009 <br> Time: 10:00a.m. <br> Place: Courtroom 840, Roybal Building |

i

WHEREAS, the Court having considered the Joint Stipulation of Settlement ("Settlement Agreement"), a full copy of which is attached hereto as Exhibit JS1, and having preliminarily approved the same on November 17, 2008; and

WHEREAS, the Court having entered an Order directing that notice be given to the Class, and notice having been individually mailed to the Class Members, and the Court having conducted a Fairness Hearing concerning the proposed Settlement; and

WHEREAS, the Court being familiar with this Action, and good cause appearing,

IT IS HEREBY ORDERED:

1. To the extent defined in the Settlement Agreement, attached hereto as Exhibit JS1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this action, the Defendants, and the Class.

3. The Court has determined that the notice given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

4. The Court finally approves the Settlement Agreement as fair, reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the parties to continue to implement the Settlement in accordance with the terms of the Settlement Agreement.

5. The Plan of Distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Fund to Class Members is approved as being fair, reasonable, and adequate to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. The Court approves the payment of $10,000 each to Class Representatives Daniel Gutierrez, Arturo Navarrete, and Emiliano Reyna. These payments are for their service on behalf of the Class, which required substantial time and effort, as detailed in the papers submitted by Class Counsel. These payments are in addition to any amounts due to them under the terms of the Plan of Distribution. The Court orders that these payments be made to them in accordance with the terms of the Settlement Agreement.

      7.    The Court approves the payment of reasonable costs to the Claims Administrator, Settlement Services, Inc., not to exceed $90,000. In the event that the Claims Administrator's reasonable costs of administering this settlement exceed $90,000, the Claims Administrator shall file a declaration with the Court explaining the basis for the costs in excess of $90,000 and seeking approval for payment of the additional reasonable costs out of the amount remaining from the Net Settlement Payment.

      8.    The Court reserves exclusive and continuing jurisdiction over the class action, the Named Plaintiffs, the Class, and the Defendants for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, the distribution of Settlement Payments, the Final Judgment, and this Order; and (b) determining the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which is considered concurrently herewith.

**IT IS SO ORDERED.**

Dated:    3/9/09

_____
The Honorable Dale S. Fischer
United States District Judge